The Honorable Bill Brady State Senator, Fourteenth District State Capitol, Room 140N Topeka, Kansas 66612
The Honorable Jim D. Garner State Representative, Eleventh District State Capitol, Room 281W Topeka, Kansas 66612
Dear Senator Brady and Representative Garner:
You inquire whether the city of Coffeyville, a city of the first class, has the authority to build, equip and maintain a medical office building which will be attached to the city hospital. You suggest that authority may be present under K.S.A. 13-14b01 et seq. which authorize a city of the first class to build, maintain and equip a hospital and provide a bond mechanism for its financing.
K.S.A. 13-14b15 authorizes the city to issue general obligation bonds "for the purpose of paying the cost of constructing an addition to the hospital owned by such city and furnishing and equipping the same. . . ." K.S.A. 13-14b08 is similar in that it authorizes the issuance of additional bonds for the purpose of "building and constructing anaddition to the hospital and furnishing and equipping the same".
There are no court decisions nor is there legislative history which might articulate the legislature's intent when it enacted these provisions. The issue then becomes whether this proposed medical office building is "an addition to the hospital".
K.S.A. 1991 Supp. 77-201 which provides the rules of statutory construction states that words and phrases are construed according to their context. Statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributed to them. Stateex rel. Schneider v. Kennedy, 225 Kan. 13 (1978). "Addition" is a word that is susceptible to no technical meaning. It means to join, annex or unite. Webster's 3d New International Dictionary 24. Our understanding is that this proposed building will be physically connected to the hospital and will house physician's offices — the purpose being that physicians will be able to utilize the laboratory and testing facilities of the hospital thereby avoiding duplication of health care services and, hopefully, reducing costs for the patients.
It is our opinion that the city is authorize to construct such a building under the authority of K.S.A. 13-14b01 et seq. because this building is an "addition" to the hospital.
Alternatively, K.S.A. 12-1736 authorizes the city to build a "public building" and provides a laundry list of financing methods in K.S.A.12-1737. This legislation provides no statutory definition of "public building" and we have found no judicial construction of the term by Kansas courts. In 12 C.J.S. Building 731 (1980) it is noted that
 "In a broader sense, public building is defined as . . . a building, which . . . may be fairly deemed to promote a public purpose or to subserve a public use; where the public congregates in considerable numbers either for amusement or for other purposes.
 "As used in statutes, their is no hard and fast rule with respect to what may be included within the term `public building,' . . . and, where the term is unaccompanied by words of explanation or limitation, whether it includes a particular building depends upon the general scheme or object of the statute."
It is our opinion that a medical office building would constitute a "public building" under K.S.A. 12-1736 and, consequently, the city could utilize the financing options available in K.S.A. 12-1737.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm